IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:01-1024 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Rene Ellis, a/k/a "Nut," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. Defendant's motion contains only one Ground for Relief. The Government has filed a motion to dismiss the motion as untimely and argues that equitable tolling should not be applied. In the alternative, the Government moved for summary judgment. Defendant has responded in opposition to the Government's motion.

**I. BACKGROUND**

In April 2002, Defendant was indicted on three counts of bank robbery, violations of 18 U.S.C. §§ 2113(a), 2113(d), and aid and abet (18 U.S.C. § 2); three counts of using and carrying a firearm during the commission of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a); and one count of conspiring to use and carry a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(o). Defendant exercised his right to jury trial, and at the end of the Government's presentation of evidence, the court dismissed the three felon-in-possession charges, due to inadequate evidence. Defendant was found guilty on the remaining charges.

1

On May 9, 2003, Defendant appeared for sentencing with counsel. Defendant was sentenced to 852 months' incarceration, consisting of 168 months as to the bank robbery and conspiracy charges, 84 months for one of the § 924(c)(1)(A)(ii) charges, and 300 months for each of the remaining § 924(c)(1)(A)(ii) charges, with the sentence on the gun charges running consecutively, as required by statute.

Defendant's conviction and sentence were affirmed on appeal. However, his petition for certiorari to the United States Supreme Court was granted, and the case was remanded to this court for resentencing.[1] On remand, this court imposed the same sentence, and the Fourth Circuit affirmed the new sentence. *See United States v. Ellis*, 201 F. App'x 170 (2006). Defendant filed the current motion pursuant to 28 U.S.C. § 2255 on March 6, 2013.[2]

**II. TIMELINESS**

Title 28, United States Code § 2255(f) imposes a one-year statute of limitation on motions for relief under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Defendant's case was vacated and remanded based upon the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

[2] The Government's motion to dismiss indicates that Defendant's § 2255 motion was filed February 11, 2013. However, this is incorrect. Defendant's motion was given to prison authorities to mail on March 6, 2013, and is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266 (1988).

>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a defendant must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Defendant's motion for relief was not filed until March 6, 2013. Therefore, Defendant's motion is untimely under the statutory provisions of § 2255.

### III. EQUITABLE TOLLING

The Supreme Court has determined that the time limit for the filing of habeas corpus petitions "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. ___, 130 S.Ct. 2549 (2010).[3] A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Whether a circumstance warrants equitable tolling is made on a case-by-case basis. *Holland*, 560 U.S. at ___, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Even assuming that the problems Defendant experienced with post-conviction counsel counts as an extraordinary circumstance which stood in his way to timely filing his motion, Defendant fails to establish that he has been pursuing his rights diligently. Defendant was aware, no later than September 27, 2008, that the attorney he had hired to pursue post-conviction relief had not filed a

---

[3] *Holland* was a case involving whether equitable tolling applied to an untimely petition for relief under 28 U.S.C. § 2254. However, the Supreme Court's holding applies with equal force to motions for relief under § 2255. *See, e.g.*, *United States v. Terrell*, 405 F. App'x 731 (4th Cir. 2010).

3

§ 2255 motion on his behalf, and that there were "time limits regarding my 28 U.S.C. § 2255 before this court." *See* Letter from Defendant dated September 27, 2008 (ECF No. 325-3). Additionally, it is apparent that Defendant received correspondence from this court advising him of statutory filing deadlines and the elements of equitable tolling, as he correctly notes that "correspondence was ordered by this court to be docketed in my case." Mot. to Vacate at 13-14 (ECF No. 381). *See* also Letter dated April 22, 2009 to Defendant (ECF No. 325). However, Defendant's motion was not filed until March 6, 2013, almost four (4) years after receiving correspondence from this court.

### IV. MERITS

Even assuming equitable tolling applies in this matter, Defendant's motion fails on its merits. As noted by the Government, it is clear from Defendant's own exhibits to the § 2255 motion that Defendant's counsel discussed the possibility of a plea with him. Additionally, in Defendant's correspondence with this court filed September 22, 2003, Defendant continued to assert his innocence, noting that "I refuse to accept responsibility for something that I did not take part in or benefit from." ECF No. 238 (filed Sept. 22, 2003).

Defendant's arguments regarding the alleged ineffectiveness of counsel are unavailing. Therefore, for the reasons stated by the Government, with which this court agrees and adopts, Defendant's argument regarding any alleged ineffectiveness of counsel fails.

### V. CONCLUSION

Because Defendant's motion is untimely, and equitable tolling does not apply, this motion is subject to dismissal. In the alternative, even if equitable tolling applies to Defendant's motion, the motion fails on the merits. Accordingly, the Government's motion for summary judgment is granted and this matter is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

   **IT IS SO ORDERED.**

                                                         s/ Cameron McGowan Currie  
                                                         CAMERON McGOWAN CURRIE  
                                                         UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
May 14, 2013