IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:01-1024 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Rene Ellis, a/k/a "Nut," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion for relief, filed in this court pursuant to 28 U.S.C. § 2255. Defendant contends he is entitled to relief under the Supreme Court's recent decision in *Rosemond v. United States*, 572 U.S. __, 134 S. Ct. 1240 (2014). ECF No. 391. Defendant has also filed a motion "to incorporate the entire District Court records and filed documents by reference . . . ." Mot. at 1, ECF No. 392.

Defendant's motion for relief filed pursuant to 28 U.S.C. § 2255 is a second or successive motion for relief under § 2255. Regardless of the recency of the *Rosemond* decision, Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

1

Defendant's motion for relief under § 2255 is dismissed without prejudice as this court is without jurisdiction to consider it. Defendant's motion to incorporate "the entire District Court record and filed documents by reference" is **denied** as moot.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    IT IS SO ORDERED.

    s/ Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 11, 2014